IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds,<br>                     Plaintiffs,<br>  v.<br><br>AGPD PAVING LLC, an Illinois corporation, also doing business as CARDI PAVING ASPHALT<br><br>                     Defendant. | Case No. 24 C 1844<br><br>Judge Harjani |

## MOTION FOR ENTRY OF JUDGMENT IN SUM CERTAIN

Now come Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, as Administrator of the Funds (collectively referred to hereinafter as the "Funds"), by and through their attorney, Amy Carollo, and hereby move this Court for an entry of judgment in sum certain against AGPD Paving LLC d/b/a Cardi Paving Asphalt ("AGPD" or the "Company" herein). In support of this Motion, Plaintiffs state as follows:

1.  On May 8, 2025, Plaintiffs' Counsel informed Defense Counsel the Funds would be filing this Motion. She asked Defense Counsel if he had any objections, and if

he so, how long he wanted to respond to the Motion. As of filing this Motion, Defense Counsel has not responded.

2. The Court found the Company in default on May 8, 2024. *See* Docket Number 15.

3. The audit for the period of December 1, 2021 through December 31, 2023 was provided to the Company's attorney on October 30, 2024. Plaintiffs requested challenges to the audit with supporting documentation. A copy of the October 30, 2024 letter is attached as Exhibit A.

4. In January 2025, the Company considered stipulating to judgment. *See* Minute entry, Docket No. 32.

5. In February 2025, the Company needed additional information about the audit, and once it received that information, the Company would review the audit for challenges. *See* Minute Entry, Docket No. 34.

6. On February 20, 2025, the Company requested a statement itemizing the payments made by AGPD for the audit period. On February 21, 2025, Plaintiffs' Counsel, Amy Carollo, provided the Company's attorney, Paul Bauch with an itemization of payments made by or on behalf of the Company during the audit period. A copy of Plaintiffs' email with the itemization is attached as Exhibit B.

7. On March 21, 2025, Ms. Carollo advised Mr. Bauch the auditor is willing to answer any questions/challenges the Company had. She provided Mr. Bauch with the auditor's name and phone number. A copy of Plaintiffs' letter is attached as Exhibit C.

2

8. Because the Company had not provided challenges, on April 22, 2025, the Court ordered the Company to "present to the auditor any questions/challenges it has no later than 5/6/25." *See* Minute Entry, Docket No. 36.

9. The Company failed to contact the auditor. *See* Declaration of Dan Timm, attached as Exhibit D.

10. As of the date of filing this Motion, despite having the audit since October 30, 2024 and being ordered to present challenges no later than May 6, 2025, the Company has failed to provide any challenges or dispute any portion of the audit.

11. Each employee listed in the Audit is a laborer, with a laboring history. The Declaration of Mike Christopher is attached as Exhibit E, ¶10.

12. AGPD classified each employee on the Audit as a laborer; they reported and paid hours for each employee on their Funds' monthly benefits and Union's dues reports. *See* Exhibit E, ¶11.

13. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1132(g)(2), Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, the Agreement, Federal Common Law, and the Funds' respective Agreements and Declarations of Trust, the Funds are entitled to judgment in the amount of $348,550.70 against AGPD, as follows:

    a. $339,219.70 on the Audit for the period of December 1, 2021 through December 31, 2023. *See* Exhibit E, ¶ 9.

3

      b.      As set forth in the Declaration of Amy Carollo filed contemporaneously herewith and attached hereto as Exhibit F, $9,331.00 in attorneys' fees and costs expended in this matter.

WHEREFORE, Plaintiffs respectfully request that the Court:

      A.      Enter Judgment in Plaintiffs' favor and against AGPD Paving LLC d/b/a/ Carding Asphalt Paving, in the amount of $348,550.70 and

      B.      Order AGPD to pay post judgment interest in all amounts due from the date of the judgment until the judgment is satisfied.

May 13, 2025

      Respectfully submitted,
      Laborers' Pension Fund, et al.
      By: /s/ Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540

## **CERTIFICATE OF SERVICE**

      The undersigned attorney of record certifies that she caused a copy of the foregoing Plaintiffs' Motion for Judgment in Sum Certain to be served upon the following person via the Court's electronic notification system on this 13th day of May, 2025.

Paul Bauch
Bauch & Michaels
53 West Jackson, Suite 1115
Chicago, IL 60604

                                                      /s/ Amy Carollo